UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVE HILL,

    Plaintiff,

v.

PRECISION MACHINE WORKS; and
PRECISION MACHINE WORKS
EMPLOYEE STOCK OWNERSHIP PLAN,

    Defendant.

Case No. C05-5194RJB

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

This matter comes before the court on Plaintiff Dave Hill's Motion for Leave to File an Amended Complaint (Dkt. 14). The court has reviewed all documents filed in support of and in opposition to the motion and has reviewed the file herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff, Dave Hill, is a former employee of Precision Machine Works (Precision) and a member of the company's Employee Stock Ownership Plan ("the Plan"). Dkt. 1. On March 16, 2005, Mr. Hill filed a complaint alleging violations of the Employee Retirement Income Security Act, 29 U.S.C. § 1001. Dkt. 1. On April 21, 2005, the defendants filed an answer to the complaint. Dkt. 8. On June 22, 2005, the court issued a minute order setting the filing deadline for motions to join parties as July 22, 2005. Dkt. 12.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 1

1  Mr. Hill moves the court for leave to file an amended complaint, contending that discovery conducted in this case has identified an additional claim and additional parties. Dkt. 14 at 2. The defendants oppose this motion on the grounds that their initial disclosures, filed on June 9, 2002, put the plaintiff on notice of the proposed additional parties' relationship to the Plan. Dkt. 16 at 2. The defendants also contend that the discovery deadline of November 14, 2005, leaves insufficient time to conduct discovery on the plaintiff's proposed additional claim. *Id.* at 2-3.

## II. DISCUSSION

Mr. Hill contends that justice requires that he be granted leave to amend his complaint because the "[p]laintiff's [c]omplaint should name all appropriate [d]efendants and claims." Dkt. 14 at 4. The defendants do not explicitly address this argument but do contend that the parties the plaintiff proposes to add are not necessary to this litigation. Dkt. 16 at 2. A "plaintiff's petition to amend its pleadings to add . . . a party defendant brings into consideration Rules 15 and 20 of the Federal Rules." *Desert Empire Bank v. Insurance Co.*, 623 F.2d 1371, 1374 (9th 1980). Federal Rule 15 provides as follows:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. Pro. 15(a). Federal Rule 20 provides for the permissive joinder of parties if the plaintiff asserts "any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. Pro. 20(a). These rules afford the court discretion, and "courts have shown a strong liberality in allowing parties to amend their pleadings when such amendments have satisfied the explicit requirements of the rules." *Desert Empire Bank*, 623 F.2d at 1375-76. If the explicit requirements are satisfied, the court considers several factors before determining whether to grant leave to amend. *Id.* at 1375.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 2

Both explicit requirements are met in this case. The transaction or occurrence at issue is the changing of the valuation date of the plaintiff's stock and the distribution of Mr. Hill's shares made in accordance with the changed valuation date. Dkt. 1 at 3. The common questions of law and fact include whether the defendants changed the valuation date, whether such change resulted in a lower valuation of the plaintiff's stock, and whether such change constitutes a breach of fiduciary duty. Moreover, the Plan itself states that "the Employer, the Plan Administrator, the Advisory Committee, and the Trustee are necessary parties to any court proceeding involving the Trustee or the Trust Fund." Dkt. 15-4, Exh. A at 2.

The plaintiff having satisfied the specific requirements of Federal Rules 15 and 20, the court must now consider the following factors:

> the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action.

*Desert Empire Bank v. Insurance Co.*, 623 F.2d 1371, 1375 (9th 1980). First, the defendants do not contend that they will be prejudiced by the addition of the proposed additional parties. Second, the defendants contend that the plaintiff delayed in seeking an amendment to add the additional defendants. Dkt. 16 at 2. The plaintiff acknowledges that the relevant paragraph of the Plan was provided in the defendants' initial disclosures, leaving the plaintiff more than one month to move to add additional parties without violating the deadline. Dkt. 18; *see* Dkt. 12. While it may be true that the plaintiff could have or should have moved to amend shortly after receiving a copy of the Plan in the defendants' initial disclosures, the court should not deny the motion on this basis alone because the defendants do not contend that allowing the plaintiff to state claims against additional parties will prejudice them in any way. Third, the motive of the plaintiff in seeking to amend the complaint does not appear to be improper, and the defendants have made no such allegation. Fourth, the relationship between the new and old parties can be characterized as close. The original

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 3

complaint named Precision Machine Works and its Employee Stock Ownership Plan. Dkt. 1. The proposed amended complaint seeks to add the Plan's administrator, members of the Plan's advisory committee, and the Plan's trustee. Dkt. 19-2, Exh. A. Fifth, the additional parties would not disturb the court's federal question jurisdiction. Finally, the new parties likely had notice of this action by virtue of their connection to the Employee Stock Ownership Plan. The court should therefore permit the plaintiff to amend the complaint to state claims against John Gazecki, Warren Thompson, Paul Stavig, and Wells Fargo Bank.

A consideration of these factors also supports granting the plaintiff leave to state an additional claim under ERISA's anti-cutback provision. First, the defendants contend that they will be prejudiced because the discovery conducted thus far has not addressed the additional claim. Specifically, the defendants contend that the "[p]laintiff is now claiming that the Plan fiduciaries engaged in 'self-dealing and not acting in the best interest of the Plan participants, including [p]laintiff.' It is also arguing a new cause of action based on 29 U.S.C. § 1054(g), ERISA's anti-cutback statute." Dkt. 16 at 2. The proposed amended complaint's assertion that the defendants engaged in self dealing is merely a more refined allegation that the defendants breached their fiduciary duties. *See* Dkt. 19-2, Exh. A at 5. To the extent that the anti-cutback provision has not been the subject of discovery thus far, any possible prejudice may be remedied with an extension of the discovery cutoff date. Second, the defendants do not contest that the basis for the additional claim was uncovered through discovery. *See* Dkt. 18 at 2. Third, there is no allegation that the plaintiff's motivation in stating the additional claim is improper. Fourth, the additional claim would not disturb the court's federal question jurisdiction.

Finally, there is good cause for granting leave to file an amended complaint. Federal Rule 16 provides as follows:

> [T]he district judge, or a magistrate judge when authorized by district court rule, shall . . . enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings. . . . A schedule shall not be modified except upon a showing of good cause and by leave of the district judge.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT - 4

Fed. R. Civ. P. 16(b). Because justice requires that the plaintiff be granted leave to amend the complaint, the plaintiff has succeeded in demonstrating good cause.

Should the amendment require a readjustment of deadlines and dates set, these matters may be raised by further motions.

### III. ORDER

Therefore, it is now

**ORDERED** that Plaintiff Dave Hill's Motion for Leave to File an Amended Complaint (Dkt. 14) is **GRANTED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED this 7th day of November, 2005.

Robert J. Bryan
United States District Judge